UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709 <br><br> Master Case No. 16-02709-MD-W-GAF |
| THIS PLEADING RELATES TO: | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF
PLAINTIFFS' LIMITED MOTION FOR RECONSIDERATION
<u>OF DENIAL OF CLASS CERTIFICATION OF TEXAS CLAIMS</u>**

## I. INTRODUCTION

Plaintiffs, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 60(b), respectfully request that this Court reconsider its Order Granting in part and Denying in part Plaintiffs' Motion for Class Certification. Doc. # 228 ("Order"). Plaintiffs' Motion is limited to that portion of the Order pertaining to the Court's denial of certification of the Texas Sub-Class sought in Plaintiffs' Motion for Class Certification. *Id.* at 8 n.5. For all of the reasons provided below, as well as those provided in Plaintiff Preas' Rule 60(a) Motion to Correct CM/ECF Case Caption and Vacate CM/ECF Termination, filed concurrently and incorporated herein ("Mot. to Correct"), Plaintiffs' Motion should be granted.

## II. RELEVANT PROCEDURAL HISTORY

On December 23, 2015, former plaintiff Milton Cooke, Jr. filed suit in the Southern District of Texas, seeking to represent a class of Texas consumers alleging Defendants' sale and marketing of motor oil violated Texas consumer protection laws. *Cooke v. Dollar General Corp.*, No. 15-3680 (S.D. Tex. filed Dec. 23, 2015). On June 9, 2016, the case was transferred to this Court by the Judicial Panel on Multidistrict Litigation and was assigned Case No. 4:16-cv-00533.

On July 15, 2016, this Court entered its Discovery Plan and Scheduling Order, which stated, in relevant part:

> **2. Consolidated Amended Complaint**. Plaintiffs will file a consolidated amended complaint within 45 days from the date of this Order. Defendants are entitled to file a motion to dismiss…and this Court's ruling on any such motions as to claims and parties in the consolidated amended complaint will apply with equal force to, and be dispositive of, the individual cases unless a party shows cause, upon the motion of any party, why the ruling should not apply…The consolidated amended complaint ***supersedes and replaces all previously-filed class action allegations from the individual complaints***.

Discovery Plan and Scheduling Order. Doc. # 23 at 1-2 (emphasis added).

On August 29, 2016, Plaintiffs submitted their Lead Counsel Report regarding allegations of class representative recruitment. Doc. # 43. Therein, Plaintiffs noted that "Mr. Cooke has agreed to the dismissal of his claim with prejudice…As discussed below with respect to the [Consolidated Amended Complaint ("CAC")], the Texas class of consumers has two new class representatives and will continue to proceed as part of this MDL." *Id.* at 13. Plaintiffs also noted the following:

> As directed by the Court, Plaintiffs will be filing a [CAC] to supersede all prior complaints filed by Plaintiffs in this matter. With their CAC, Plaintiffs will do the following: Remove Mr. Cooke and his counsel Mr. Pace from this MDL. Separately, Plaintiffs will also dismiss with prejudice Mr. Cooke's claims. Plaintiffs Robin Preas and Loretta Johnson are now serving as class representatives of a putative class of Texas consumers who previously purchased Defendants' obsolete motor oil in their stores in Texas.

*Id.* at 23.

The same day, Plaintiffs filed their CAC, substituting Plaintiffs Robin Preas and Loretta Johnson[1] for Mr. Cooke, and seeking to represent a Texas Sub-Class. Doc. # 44 at 96-98. The following day (August 30, 2016), Cooke filed his Notice of Voluntary Dismissal wherein Mr. Cooke dismissed "all of *his* claims" with prejudice. Doc. # 49 at 1 (emphasis added). Notably, the Clerk's office did *not* terminate the Texas case at that time.

On August 3, 2017, the Court entered its Order on Defendants' Motion to Dismiss. Doc. # 117. Therein, the Court rejected Defendants' argument that Plaintiffs Preas and Johnson were not properly before the Court. Applying Rule 15(c)(3) and the Eighth Circuit's *Plubell* decision, the Court found, in relevant part:

> The original complaint from the Southern District of Texas proposes a class consisting of "[a]ll persons in the State of Texas who purchased Defendant's DG-branded motor oil . . . for personal use and not for re-sale, since December 2011."…Plaintiffs alleged Preas and Johnson are members of this class…Further,

---

[1] Loretta Johnson was dismissed as a plaintiff on October 4, 2018. Doc. #189.

2

> as in *Plubell*, the allegations in the CAC are identical to the allegations originally advanced by Plaintiff Cooke. Accordingly, the Court finds that Preas and Johnson's claims relate back to the filing of the original complaint, and the Court retains subject matter jurisdiction over the Southern District of Texas plaintiffs. Preas and Johnson's unjust enrichment and consumer protection act claims should not be dismissed for lack of subject matter jurisdiction.

*Id.* at 52 (citing *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070 (8th Cir. 2006)). Earlier in the opinion, the Court noted that "[p]reviously, the Texas sub-class had been represented by [Cooke]. However, after adding [Plaintiffs] Preas and Johnson to the suit, Cooke voluntarily dismissed his claim with prejudice[.]" *Id.* at 51; *see also id* at 28 ("though Preas and Johnson may be substituted for the previous plaintiff, they do not assume the facts particular to and underlying his notice pleading").

On March 8, 2019, the Court entered a text-only "Order of Dismissal of plaintiff Milton Cook, Jr. ONLY per Notice of Voluntary Dismissal." Doc. # 224 (emphasis in original).[2] That same day, the Clerk entered the dismissal as to Cooke in the Texas case, but did not recognize that Plaintiff Preas had been substituted in Cooke's place by virtue of the superseding CAC and terminated the Texas case in its entirety.

On March 21, 2019, this Court partially granted class certification to all of Plaintiffs' proposed state Sub-Classes except for Texas. In its Class Certification Order, the Court denied certification to a putative Texas class of consumers, reasoning as follows:

> In Texas, Milton M. Cooke Jr.'s (16-0533-CV-W-GAF (Texas)) case was voluntarily dismissed…Michael Deck, another Texas plaintiff, was terminated from the case on March 3, 2016…Plaintiffs now name Robin Preas as representative of the Texas case… However, there has been no action taken by Plaintiffs to substitute Preas as a Plaintiff in the Texas member case. (See Docket Sheet). As such, there is currently no pending member case that could be remanded to Texas. Because there is no member case that can be remanded to

---

[2] This appears to have been directed to the Clerk's office in an effort to update the CM/ECF system to recognize Plaintiff Cooke's dismissal.

> Texas, no statewide class can be certified for that state and Texas' choice of law approach need not be considered by the Court.

Order at 8 n.5 (internal citations omitted). This appears to be the only basis for which certification of the Texas Sub-Class was denied (though admittedly the Court did not proceed to analyze the Texas Sub-Class under Rule 23).

### III.    LAW AND ARGUMENT

#### A.    Legal Standard

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration. However, under Rule 59(e), parties may move to "alter or amend a judgment" within 28 days after judgment is entered. The "limited purpose [of Rule 59(e)] is to allow the trial court to correct manifest errors of law or fact." *Sipp v. Astrue*, 641 F.3d 975, 980 (8th Cir. 2011) (citation omitted). Moreover, Rule 60(b) provides for relief "from a final judgment, order, or proceeding for…(1) mistake, inadvertence, surprise, or excusable neglect;…(5)…it is based on an earlier judgment that has been reversed or vacated…or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), b(5), (b)(6). "A motion under Rule 60(b) must be made within a reasonable time—and for [mistake, inadvertence, surprise, or excusable neglect] no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). According to the Eighth Circuit, motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006).

Further, "[a] district court has inherent authority to reconsider interlocutory orders" and that such orders "are often reconsidered based on the practicality of the circumstances and changes in an ever-evolving record." *Garrett v. Albright*, No. 06-4137, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008); *see also Heubel Material Handling, Inc. v. Universal*

4

*Underwriters Ins. Co.*, No. 10-102, 2011 WL 1458654, at *2 (W.D. Mo. Apr. 15, 2011). ("[t]he Court…has greater discretion to grant a motion to reconsider an interlocutory order" than a motion under Rules 59(e) or 60(b)). Consequently, the basis for the motion to reconsider is irrelevant when, as in this case, a party seeks to correct manifest errors of fact or law.

> **B.     The Court Should Reconsider its Denial of Certification of the Texas Sub-Class**

Plaintiffs, assuming Plaintiff Preas prevails on the Motion to Correct, seek relief in the form of reconsideration pursuant to Rule 60(b)(5). Alternatively, independent of Plaintiff Preas' Motion to Correct, Plaintiffs seek the same relief pursuant to Rules 60(b)(1), 60(b)(6), and/or 60(a).

> **1.     Relief is warranted under Rule 60(b)(5)**

Rule 60(b)(5) provides in relevant part that "the court may relieve a party…from [an] order [where] it is based on an earlier judgment that has been reversed or vacated[.]" FED. R. CIV. P. 60(b)(5). "[A] decision is 'based on' a prior judgment when it is a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." *Flowers v. S. Regl. Phys. Services, Inc.*, 286 F.3d 798, 801 (5th Cir. 2002) (internal quotations omitted).

Rule 60(b)(5) applies here. As explained more thoroughly in Plaintiff Preas' Motion to Correct, Plaintiff Preas was not added to the Texas case due to a clerical oversight, which resulted in the entire Texas case being terminated (years after Plaintiff Cooke's voluntary dismissal). Assuming Plaintiff Preas prevails on the Motion to Correct, Plaintiff Preas will be added as a named plaintiff in the Texas case and the March 8, 2019 'termination' of the case by the Clerk will be vacated. Thus, the Court's basis for denying certification of the Texas class—that "there is currently no pending member case that could be remanded to Texas"—was predicated on the Texas case's accidental termination.

5

Assuming that the termination of the Texas case is vacated, reconsideration of the Court's Certification Order (as it applies to the putative Texas Sub-Class) is warranted under Rule 60(b)(5) since it is based on a now-vacated order. Plaintiffs' request for relief under Rule 60(b)(5) is "made within a reasonable time," given the March 21, 2019 date of the Court's Certification Order. FED. R. CIV. P. 60(c)(1).

### 2. Alternatively, relief is warranted under Rules 60(b)(1) and/or 60(b)(6)

Alternatively, relief is warranted under Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect" and/or Rule 60(b)(6) due to "any other reason that justifies relief."

Rule 60(b)(1) provides for relief "from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time—and for [mistake, inadvertence, surprise, or excusable neglect] no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). Plaintiffs' Rule 60(b)(1) request for relief is timely, having been made within "a year after entry of the [March 21, 2019 Class Certification] order[.]" FED. R. CIV. P. 60(c)(1). "In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. These four…factors do not carry equal weight; the reason for delay is a key factor in the analysis." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

All of these factors weigh in favor of Plaintiffs. First, Defendants will suffer no prejudice.

6

Defendants treated Plaintiff Preas as a plaintiff throughout the litigation, took her deposition, and served discovery. The parties have also fully briefed Plaintiff Preas' claims with respect to class certification.  Second, the potential impact of this relief is minimal. The parties have already fully briefed the viability of the Texas case claims, and the Court has issued an Opinion with reasoning equally applicable to the claims Plaintiff Preas sought certified. Third, Plaintiffs acted in good faith. As noted in their Lead Counsel Report, filed *before* the CAC was filed, Plaintiffs always intended to substitute Plaintiffs Preas and Johnson for plaintiff Cooke. Plaintiffs reasonably interpreted the Court's Motion to Dismiss Order as finding that this had indeed occurred. Fourth, the reason for Plaintiffs' delay in seeking to correct the case caption was due to their understanding that the proper substitution had already occurred. Further, given the sweeping nature of 'superseding' consolidated amended complaints, Plaintiffs were not aware that updating the CM/ECF dockets of the "merged" individual cases was required. Also, the Clerk did not 'terminate' the Texas case until years after the Cooke voluntary dismissal.  All four of these factors weigh in Plaintiffs' favor.

Alternatively, Plaintiffs' requested relief is warranted under Rule 60(b)(6), which provides for relief "from a final judgment, order, or proceeding for…any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Under Rule 60(b)(6), "relief is only available 'where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Holmes v. U.S.*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

Here, Plaintiff Preas, who participated extensively in discovery—as well as an entire class of Texas consumers—were (presumably) denied certification of their claims because of what amounted to be a technical aspect of the Court CM/ECF system. Coupled with this is the

7

fact that the Clerk mistakenly did not terminate the Texas case until years after Cooke's Voluntary Dismissal, further enforcing Plaintiffs beliefs that substitution had properly occurred. Plaintiffs' request for relief under Rule 60(b)(6) is "made within a reasonable time[.]" *Id.*

Plaintiffs' requested relief should be granted.

### 3. Alternatively, relief is warranted under Rule 60(a)

Alternatively, relief is warranted under Rule 60(a). Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). "Although the rule usually applies to errors by the court or clerk, it may also be used to correct mistakes by the parties." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1538-39 (8th Cir. 1996) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)). "Under Rule 60(a) a court may correct a judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (quotations omitted). Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Id.* (quotations omitted).

Plaintiff Preas was properly substituted in the Texas case. As explained by the Supreme Court:

> Parties may elect to file a "master complaint" and a corresponding "consolidated answer," which supersede prior individual pleadings. In such a case, the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings. No merger occurs, however, when "the master complaint is not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all the plaintiffs."

*Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905 (2015) (quoting *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 590-592 (6th Cir. 2013)).

Here, there is no question that the CAC is a 'superseding' complaint rather than an

8

'administrative summary,' as evidenced not only by the language in the Scheduling Order but by the motion to dismiss briefing directed at the CAC. As noted by one court:

> Here, whether it was expressly stated or not, the consolidated complaint is a superseding complaint with its own legal effect; merger has occurred. Evidence of this comes from the fact that the parties have now fully briefed Rule 12(b) motions to dismiss portions of the consolidated complaint without any objection as to the propriety of such motions (i.e., Rule 12(b) motions are improper when dealing with an "administrative" consolidated complaint).

*In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 948 (N.D. Ill. 2016) (holding that superseding consolidated class action complaint not only allowed plaintiffs to add new parties but new legal theories and new previously unrepresented state sub-classes as well).

Accordingly, complying with this Court's directive that new cases should not be filed directly into the MDL, Plaintiffs' addition of Preas and Johnson to the CAC was merely a substitution of plaintiff Cooke (who had not yet dismissed his claims at the time the CAC was filed) in the Texas case. Because the CAC is a "superseding" complaint, Plaintiffs properly substituted Plaintiffs Preas and Johnson for plaintiff Cooke by including them in the CAC. As noted above, this Court appears to have recognized as much in its Motion to Dismiss Order.

Since Plaintiff Preas is a party in the Texas case, the fact that she did not appear on the Texas case's CM/ECF docket is merely a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). *See, e.g., Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 42 (2d Cir. 1979) ("the failure of the clerk to make this automatically mandated addition of a mechanically ascertainable amount of interest was a mere ministerial oversight remediable as a clerical error under Rule 60(a)"). At no point did this Court order the Texas case dismissed. Rather, it directed the Clerk to enter an "Order of Dismissal of plaintiff Milton Cook, Jr. ONLY[.]" Doc. #224. The 'termination' of the Texas case, therefore, occurred solely because its case caption had not been

updated in accordance with the CAC (and arguably this Court's Motion to Dismiss Order), a technical oversight.[3] Plaintiffs' requested relief under Rule 60(a) should be granted.

        **C.    The Texas Sub-Class Meets the Requirements for Certification, and the Court's Reasoning with Respect to the Other State Sub-Classes Applies Equally to Texas**

The Texas Sub-Class meets the requirements for certification, and the reasoning in this Court's Certification Order regarding the other state Sub-Classes applies equally to the putative Texas Sub-Class. Since the denial of certification of the Texas class appears to be due solely to the 'lack of a member case' issue, Plaintiffs will not repeat here all of the arguments provided in their Motion for Class Certification, and respectfully refer the Court to their briefing therein. *See* Plaintiffs' Motion for Class Certification, Doc. # 174 at 53-63, 65-66.

It is clear from the Class Certification Order that the Court's reasoning in certifying the other state sub-classes would more than likely result in a certified Texas Sub-Class. *See* Order at 41 (regarding statewide unjust enrichment classes, "[t]he only variation in the analysis pertains to numerosity"), 56 (predominance satisfied for statewide consumer protection classes even where underlying statute has a reliance requirement due to uniformity of misrepresentations). Accordingly, the Court should certify the Texas unjust enrichment and state consumer protection Sub-Classes.

**IV.    CONCLUSION**

For all of the aforementioned reasons, along with those provided in Plaintiff Preas' Motion to Correct and Plaintiffs' Motion for Class Certification, Plaintiffs' Motion should be granted in its entirety.

---

[3] Admittedly, Plaintiffs did not take steps to alert the Clerk's office of the substitution for the purpose of updating the CM/ECF case caption in the Texas case. But this oversight was technical, not legal, and does not change the fact that Plaintiff Preas was legally substituted as the plaintiff in the Texas case at the time the Clerk 'terminated' it.

10

Case 4:16-cv-00533-GAF   Document 203   Filed 04/03/19   Page 11 of 12

Dated: April 3, 2019                    Respectfully submitted,

                                      */s/ Kenneth B. McClain*
Kenneth B. McClain
Kevin D. Stanley
Colin W. McClain
J'Nan C. Kimak
Andrew K. Smith
HUMPHREY FARRINGTON & MCCLAIN, P.C.
221 West Lexington, Suite 400
Independence, Missouri 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
kds@hfmlegal.com
cwm@hfmlegal.com
jck@hfmlegal.com
aks@hfmlegal.com
*Liaison Counsel for Plaintiffs*

and

Allan Kanner
Cynthia St. Amant
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Tel: (504) 524-5777
Fax: (504) 524-5763
a.kanner@kanner-law.com
c.stamant@kanner-law.com
*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

                                                */s/ Kenneth B. McClain*
                                                Kenneth B. McClain