**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709**<br><br>**Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.** | **Case No. 4:16-cv-00533** |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF PREAS' RULE 60(a) MOTION TO
CORRECT CM/ECF CASE CAPTION AND VACATE CM/ECF TERMINATION**

## I.     INTRODUCTION

Plaintiff Robin Preas, by and through undersigned counsel, request an Order from this Court, pursuant to Rule 60(a) (or, alternatively, Rule 60(b)) of the Federal Rules of Civil Procedure to correct a clerical omission in Case No. 4:16-cv-00533 (the "Texas case") by adding Plaintiff Robin Preas to the CM/ECF case caption and vacating the case termination recently entered by the Clerk. Plaintiff Preas was added as a party to the Texas case by way of Plaintiffs' "superseding" Consolidated Amended Complaint, the propriety of which this Court recognized in its Motion to Dismiss Order. The failure of Plaintiff Preas to appear as a party in the Texas case CM/ECF docket is due to a clerical oversight of the type redressable by Rule 60(a). Alternatively, Plaintiff seeks relief pursuant to Rule 60(b)(1) and/or Rule 60(b)(6).

## II.     RELEVANT PROCEDURAL HISTORY

On December 23, 2015, former plaintiff Milton Cooke, Jr. filed suit in the Southern District of Texas, seeking to represent a class of Texas consumers alleging Defendants' sale and

1

marketing of motor oil violated Texas consumer protection laws. *Cooke v. Dollar General Corp.*, No. 15-3680 (S.D. Tex. filed Dec. 23, 2015). On June 9, 2016, the case was transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") and was assigned Case No. 4:16-cv-00533.

On July 15, 2016, this Court entered its Discovery Plan and Scheduling Order, which stated, in relevant part:

> **2. Consolidated Amended Complaint**. Plaintiffs will file a consolidated amended complaint within 45 days from the date of this Order. Defendants are entitled to file a motion to dismiss…and this Court's ruling on any such motions as to claims and parties in the consolidated amended complaint will apply with equal force to, and be dispositive of, the individual cases unless a party shows cause, upon the motion of any party, why the ruling should not apply…The consolidated amended complaint *supersedes and replaces all previously-filed class action allegations from the individual complaints*.

Discovery Plan and Scheduling Order. (Doc. # 23 at 1-2) (emphasis added).

On August 29, 2016, Plaintiffs submitted their Lead Counsel Report regarding allegations of class representative recruitment. Doc. # 43. Therein, Plaintiffs noted that "Mr. Cooke has agreed to the dismissal of his claim with prejudice…As discussed below with respect to the [Consolidated Amended Complaint ("CAC")], the Texas class of consumers has two new class representatives and will continue to proceed as part of this MDL." *Id.* at 13. Plaintiffs also noted the following:

> As directed by the Court, Plaintiffs will be filing a [CAC] to supersede all prior complaints filed by Plaintiffs in this matter. With their CAC, Plaintiffs will do the following: Remove Mr. Cooke and his counsel Mr. Pace from this MDL. Separately, Plaintiffs will also dismiss with prejudice Mr. Cooke's claims. Plaintiffs Robin Preas and Loretta Johnson are now serving as class representatives of a putative class of Texas consumers who previously purchased Defendants' obsolete motor oil in their stores in Texas.

2

*Id.* at 23.

The same day, Plaintiffs filed their CAC, substituting Plaintiffs Robin Preas and Loretta

Johnson[1] for Mr. Cooke, and seeking to represent a Texas Sub-Class. Doc. # 44 at 96-98. The

following day (August 30, 2016), Cooke filed his Notice of Voluntary Dismissal wherein Mr.

Cooke dismissed "all of *his* claims" with prejudice. Doc. # 49 at 1 (emphasis added). Notably,

the Clerk's office did *not* terminate the Texas case at that time.

On August 3, 2017, the Court entered its Order on Defendants' Motion to Dismiss. Doc.

# 117. Therein, the Court rejected Defendants' argument that Preas and Johnson were not

properly before the Court. Applying Rule 15(c)(3) and the Eighth Circuit's *Plubell* decision, the

Court found, in relevant part:

> The original complaint from the Southern District of Texas
> proposes a class consisting of "[a]ll persons in the State of Texas
> who purchased Defendant's DG-branded motor oil . . . for personal
> use and not for re-sale, since December 2011."…Plaintiffs alleged
> Preas and Johnson are members of this class…Further, as in
> *Plubell*, the allegations in the CAC are identical to the allegations
> originally advanced by Plaintiff Cooke. Accordingly, the Court
> finds that Preas and Johnson's claims relate back to the filing of
> the original complaint, and the Court retains subject matter
> jurisdiction over the Southern District of Texas plaintiffs. Preas
> and Johnson's unjust enrichment and consumer protection act
> claims should not be dismissed for lack of subject matter
> jurisdiction.

*Id.* at 52 (citing *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070 (8th Cir. 2006)). Earlier in the

opinion, the Court noted that "[p]reviously, the Texas sub-class had been represented by

[Cooke]. However, after adding [Plaintiffs] Preas and Johnson to the suit, Cooke voluntarily

dismissed his claim with prejudice[.]" *Id*. at 51; *see also id* at 28 ("though Preas and Johnson

may be substituted for the previous plaintiff, they do not assume the facts particular to and

---

[1] Loretta Johnson was dismissed as a plaintiff on October 4, 2018. Doc. #189.

3

underlying his notice pleading").

On March 8, 2019, the Court entered a text-only "Order of Dismissal of plaintiff Milton Cook, Jr. ONLY per Notice of Voluntary Dismissal." Doc. # 224 (emphasis in original).[2] That same day, the Clerk entered the dismissal as to Cooke in the Texas case, but did not recognize that Preas had been substituted in Cooke's place by virtue of the superseding CAC and terminated the Texas case in its entirety. Plaintiff now seeks to correct this clerical omission in the Court's CM/ECF system.[3]

## III.   LAW AND ARGUMENT

Plaintiff Preas seeks relief pursuant to Rule 60(a). In the alternative, Plaintiff Preas seeks relief pursuant to Rule 60(b)(1) and/or Rule 60(b)(6).

### A.     Legal Standard

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). "Although the rule usually applies to errors by the court or clerk, it may also be used to correct mistakes by the parties." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1538-39 (8th Cir. 1996) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)).

"Under Rule 60(a) a court may correct a judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (quotations omitted). Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Id*. (quotations omitted).

---

[2] This appears to have been directed to the Clerk's office in an effort to update the CM/ECF system to recognize Plaintiff Cooke's dismissal.

[3] On March 21, 2019, the Court denied certification of a Texas class because "there has been no action taken by Plaintiffs to substitute Preas as a Plaintiff in the Texas member case." Doc. # 228 at 8, n.5. Plaintiffs will file, concurrently herewith, a Motion for Reconsideration as to this portion of the Class Certification opinion.

## B. Plaintiff Preas was Properly Substituted in the Texas Case

Plaintiff Preas was properly substituted in the Texas case. As explained by the Supreme

Court:

> Parties may elect to file a "master complaint" and a corresponding
> "consolidated answer," which supersede prior individual pleadings.
> In such a case, the transferee court may treat the master pleadings
> as merging the discrete actions for the duration of the MDL pretrial
> proceedings. No merger occurs, however, when "the master
> complaint is not meant to be a pleading with legal effect but only
> an administrative summary of the claims brought by all the
> plaintiffs."

*Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905 (2015) (quoting *In re Refrigerant*

*Compressors Antitrust Litigation*, 731 F.3d 586, 590-592 (6th Cir. 2013)).

Here, there is no question that the CAC is a 'superseding' complaint rather than an

'administrative summary,' as evidenced not only by the language in the Scheduling Order but by

the motion to dismiss briefing directed at the CAC. As noted by one court:

> Here, whether it was expressly stated or not, the consolidated
> complaint is a superseding complaint with its own legal effect;
> merger has occurred. Evidence of this comes from the fact that the
> parties have now fully briefed Rule 12(b) motions to dismiss
> portions of the consolidated complaint without any objection as to
> the propriety of such motions (i.e., Rule 12(b) motions are
> improper when dealing with an "administrative" consolidated
> complaint).

*In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 948 (N.D. Ill. 2016) (holding that superseding

consolidated class action complaint not only allowed plaintiffs to add new parties but new legal

theories and new previously unrepresented state sub-classes as well).

Accordingly, complying with this Court's directive that new cases should not be filed

5

directly into the MDL,[4] Plaintiffs' addition of Preas and Johnson to the CAC was merely a substitution of Plaintiff Cooke (who had not yet dismissed his claims at the time the CAC was filed) in the Texas case.[5] Because the CAC is a "superseding" complaint, Plaintiffs properly substituted Plaintiffs Preas and Johnson for Plaintiff Cooke by including them in the CAC. As noted above, this Court appears to have recognized as much in its Motion to Dismiss Order.

### C.    The Omission in the Court's CM/ECF System is Remediable under Rule 60(a)

Since Plaintiff Preas is a party in the Texas case, the fact that she did not appear on the Texas case's CM/ECF docket is merely a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). *See, e.g., Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 42 (2d Cir. 1979) ("the failure of the clerk to make this automatically mandated addition of a mechanically ascertainable amount of interest was a mere ministerial oversight remediable as a clerical error under Rule 60(a)").

At no point did this Court order the Texas case dismissed. Rather, it directed the Clerk to enter an "Order of Dismissal of plaintiff Milton Cook, Jr. ONLY[.]" Doc. #224. The 'termination' of the Texas case, therefore, occurred solely because its case caption had not been updated in accordance with the CAC (and arguably this Court's Motion to Dismiss Order), a

---

[4] This did not convert the superseding complaint to an administrative complaint, but simply put a limit on the extent of the 'superseding' to occur. "Like snowflakes, no two MDLs are exactly alike and, no doubt, whether to require the filing of a consolidated complaint and, if so, whether to treat such a complaint as 'administrative' or 'superseding' will depend on the particulars of a given MDL. Thus, it is critical that the parties and the court make clear what species of pleadings are being used." *In re General Motors LLC Ignition Switch Litig.*, No. 14-md-2542, 2015 WL 3619584, at *8 (S.D.N.Y. June 10, 2015).

[5] As noted above, prior to filing the CAC, Plaintiffs expressed their intent to do just that.

technical oversight.[6] Plaintiff Preas' requested relief under Rule 60(a) should be granted.

### D. Alternatively, Relief is Warranted Under Rule 60(b)(1) or Rule 60(b)(6)

Alternatively, even if the Court were to find that Plaintiff Preas was not 'substituted' until Plaintiffs filed a 'Motion to Correct Case Caption' or took additional steps to ensure Preas' substitution, the relief requested by Plaintiff is still warranted under Rule 60(b)(1) or 60(b)(6).

#### 1. Relief is proper under Rule 60(b)(1)

As an alternative to providing relief under Rule 60(a), relief under Rule 60(b)(1) is proper. Rule 60(b)(1) provides for relief "from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time—and for [mistake, inadvertence, surprise, or excusable neglect] no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).[7] "In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. These four…factors do not carry equal weight; the reason for delay is a key factor in the analysis." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

All of these factors weigh in favor of Plaintiff Preas. First, Defendants will suffer no prejudice. Defendants treated Plaintiff Preas as a plaintiff throughout the litigation, took her

---

[6] Admittedly, Plaintiffs did not take steps to alert the Clerk's office of the substitution for the purpose of updating the CM/ECF case caption in the Texas case. But this oversight was technical, not legal, and does not change the fact that Plaintiff Preas was legally substituted as the plaintiff in the Texas case at the time the Clerk 'terminated' it.

[7] Here, the Class Certification Order and Clerk's termination of the Texas case happened just recently.

deposition, and served discovery. The parties have also fully briefed Plaintiff Preas' claims with respect to class certification. Second, the potential impact of this relief is minimal. The parties have already fully briefed the viability of the Texas case claims, and the Court has issued an Opinion with reasoning equally applicable to the claims Plaintiff Preas sought certified. Third, Plaintiffs acted in good faith. As noted in their Lead Counsel Report, filed *before* the CAC was filed, Plaintiffs always intended to substitute Plaintiffs Preas and Johnson for Plaintiff Cooke. Plaintiffs reasonably interpreted the Court's Motion to Dismiss Order as finding that this had indeed occurred. Fourth, the reason for Plaintiffs' delay in seeking to correct the case caption was due to their understanding that the proper substitution had already occurred. Further, given the sweeping nature of 'superseding' consolidated amended complaints, Plaintiffs were not aware that updating the CM/ECF dockets of the "merged" individual cases was required. Also, the Clerk did not 'terminate' the Texas case until years after the Cooke voluntary dismissal.

All four of these factors weigh in Plaintiff Preas' favor, and the Court should add Plaintiff Preas to the Texas case caption and vacate the Clerk's termination.

### 2.     Alternatively, relief is proper under Rule 60(b)(6)

Alternatively, Plaintiff Preas' requested relief is warranted under Rule 60(b)(6), which provides for relief "from a final judgment, order, or proceeding for…any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Under Rule 60(b)(6), "relief is only available 'where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Holmes v. U.S.*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

Here, Plaintiff Preas, who participated extensively in discovery—as well as an entire class of Texas consumers—were (presumably) denied certification of their claims because of

8

what amounted to be a technical aspect of the Court CM/ECF system. Coupled with this is the fact that the Clerk mistakenly did not terminate the Texas case until years after Cooke's Voluntary Dismissal, further enforcing Plaintiff's beliefs that substitution had properly occurred.

## IV.    CONCLUSION

For all of the aforementioned reasons, Plaintiff Preas' Motion to Correct CM/ECF Case Caption and Vacate CM/ECF Termination should be granted.

Dated: April 3, 2019                                       Respectfully submitted,

                                         */s/ Kenneth B. McClain*
                                         Kenneth B. McClain
                                         Kevin D. Stanley
                                         Colin W. McClain
                                         J'Nan C. Kimak
                                         Andrew K. Smith
                                         HUMPHREY FARRINGTON & MCCLAIN, P.C.
                                         221 West Lexington, Suite 400
                                         Independence, Missouri 64050
                                         Telephone: (816) 836-5050
                                         Facsimile:  (816) 836-8966
                                         kbm@hfmlegal.com
                                         kds@hfmlegal.com
                                         cwm@hfmlegal.com
                                         jck@hfmlegal.com
                                         aks@hfmlegal.com
                                         *Liaison Counsel for Plaintiffs*

                                         and

                                         Allan Kanner
                                         Cynthia St. Amant
                                         KANNER & WHITELEY, LLC
                                         701 Camp Street
                                         New Orleans, LA 70130
                                         Tel: (504) 524-5777
                                         Fax: (504) 524-5763
                                         a.kanner@kanner-law.com
                                         c.stamant@kanner-law.com
                                         *Lead Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

/s/ Kenneth B. McClain
Kenneth B. McClain